IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-cr-123-03 |
| Plaintiff, | Case No. 1:20-cr- 075-01 |
| v. | UNITED STATES' RESPONSE TO MOTION FOR RECONSIDERATION OF ORDER OF DETENTION |
| KAYLA RENEE KEYES, | |
| Defendant. | |

The United States of America, by Drew H. Wrigley, United States Attorney for the District of North Dakota, and Rick L. Volk, Assistant United States Attorney, objects to the Defendant's motion for reconsideration of order of detention and requests that it be denied.

The Defendant Kayla Renee Keyes is charged in a new Indictment (Case No. 1:20-cr-075-01) with drug trafficking charges related to the distribution of fentanyl. At the time of the alleged conduct, Ms. Keyes was on Federal supervised release for a separate drug trafficking conviction (Case No. 1:18-cr-123-03) related to her distribution of oxycodone 30mg pills. Ms. Keyes had tested positive on multiple occasions for the use of oxycodone and fentanyl while on that Federal supervision. She was provided with the opportunity to attend residential treatment while under supervision, and did so by attending a residential substance abuse treatment operated by North Central Human Services Center in Minot, ND. She completed that program and returned to her home in New Town, ND, thereafter.

As the AUSA advised the Court at the detention hearing in this matter, agents advised Ms. Keyes acknowledged she would again test positive for fentanyl when she was arrested on the new Indictment. This occurred subsequent to her release from treatment at NCHSC. Counsel for Ms. Keyes told the Court that Ms. Keyes denied she stated this. Thus, at this point, it appears Ms. Keyes has recently completed residential drug treatment and denies she has continued to use substances since that time. Under those circumstances, Ms. Keyes does not appear to be an appropriate candidate for any treatment release as she is not acknowledging any need for treatment, and appears to be utilizing the possibility of treatment release simply to avoid detention / incarceration.

Further, the United States objects to release for treatment purposes for Ms. Keyes. The allegations in the present Indictment suggest Ms. Keyes is not able to follow conditions placed upon her by the Court. She was under Federal supervision on conditions that would be similar to those issued by the Magistrate Judge if released on conditions. Yet, she is alleged to have engaged in substantially more dangerous conduct than previously convicted of by allegedly distributing a very dangerous and highly addictive substance (fentanyl) while under those conditions. There are no different or additional conditions that can be placed upon Ms. Keyes than she was previously operating under that would mitigate the risk of danger she presents to the community.

Finally, as the Magistrate Judge correctly noted at Ms. Keyes detention hearing, a presumption for detention applies to the new criminal conduct, and the burden falls upon Ms. Keyes in her revocation matter (1:18-cr-123-03) to prove that she is not a risk of

danger to the public or risk of flight.  Under the circumstances, Ms. Keyes cannot overcome that presumption and has not met her burden of proof.

Based on the foregoing, the United States requests this Court deny the Defendant's motion for reconsideration of detetion.

Dated:  July 20, 2020.

                        DREW H. WRIGLEY
                        United States Attorney

By:   */s/ Rick L. Volk*
       RICK L. VOLK
       Assistant United States Attorney
       P. O. Box 699
       Bismarck, ND  58502-0699
       (701) 530-2420
       N.D. Bar Board ID No. 04913
       Attorney for United States