IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KAYLA RENEE KEYES and<br>KASONDRA KAYE GRANT,<br>a/k/a KASSIE KAYE | **S U P E R S E D I N G**<br>**I N D I C T M E N T**<br><br>Case No. 1:20-cr-075<br><br>Violations:  21 U.S.C. §§ 846, 856(a)(1)<br>and 856(b); and 18 U.S.C. § 2. |

COUNT ONE

**Conspiracy to Distribute and Possess with Intent to Distribute
Controlled Substances**

The Grand Jury Charges:

Beginning in or about 2019 and continuing until the present, in the District of North Dakota, and elsewhere,

KAYLA RENEE KEYES and
KASONDRA KAYE GRANT, a/k/a KASSIE KAYE,

knowingly and intentionally combined, conspired, confederated, and agreed together and with others, both known and unknown to the grand jury, to distribute and possess with intent to distribute: (i) a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance; and (ii) a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did distribute, and possess with intent to distribute, pills containing a detectable amount of oxycodone, a Schedule II controlled substance, in and about Minot and New Town, North Dakota, the Fort Berthold Indian Reservation in North Dakota, and elsewhere;

2. It was further a part of said conspiracy that the defendants and others would and did distribute, and possess with intent to distribute, pills containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance, in and about Minot and New Town, North Dakota, the Fort Berthold Indian Reservation in North Dakota, and elsewhere;

3. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

4. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

5. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, and social media applications, such as Facebook Messenger, to facilitate the distribution of controlled substances and collection of drug proceeds;

6. It was further a part of said conspiracy that defendants and others would meet sources of supply of oxycodone and fentanyl pills at hotels, residences, and other locations in and about New Town and Minot, North Dakota, and elsewhere; and

7. It was further a part of said conspiracy that the defendants and others allowed and permitted sources of supply of oxycodone and fentanyl pills to utilize residences in New Town, North Dakota, to store, conceal, and distribute pills containing oxycodone and fentanyl, and to store and conceal the proceeds of drug trafficking conduct.

In violation of Title 21, United States Code, Section 846; and <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

## COUNT TWO

## Maintaining Drug-Involved Premises

The Grand Jury Further Charges:

Beginning in or about 2019 and continuing until in or about March 2020, in the District of North Dakota, and elsewhere,

### KAYLA RENEE KEYES,

individually, and by aiding and abetting, knowingly opened, leased, rented, used, and maintained any place, whether permanently or temporarily, for the purpose of distributing and using any controlled substance; specifically, KAYLA RENEE KEYES opened, used, and maintained a residence in New Town, North Dakota, for purposes of distributing pills that were a mixture and substance containing oxycodone, a Schedule II controlled substance, and pills that were a mixture and substance containing fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 856(a)(1) and 856(b), and Title 18, United States Code, Section 2.

               A TRUE BILL:

               /s/ Foreperson
               Foreperson

/s/ Drew H. Wrigley
DREW H. WRIGLEY
United States Attorney

RLV/sj