IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 1:20-CR-75-01 |
| | ) | |
| | ) | |
| vs. | ) | **DEFENDANT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| KAYLA RENEE KEYES, | ) | |
| | ) | |
| Defendant. | ) | |

The Defendant, Kayla Keyes, by and through her attorney of record, Ronald K. Hettich, hereby submits this Memorandum in support of the upcoming sentencing hearing currently scheduled before the Court on April 13, 2021.

## I.  RELEVANT FACTS

Ms. Keyes is charged with, and has plead guilty to, conspiracy to possess with intent to distribute and distribute a controlled substance.  According to the Presentence Investigation Report, the correct sentencing guideline range for Ms. Keyes is 46 - 57 months.  However, Ms. Keyes believes that the Safety Valve applies to her situation.  That would reduce the overall offense level by two levels bringing it down to an offense level of 19, which would result in a sentencing guideline range of 37 – 46 months.

Ms. Keyes has been detained most of the time since she was arrested on or about June 6, 2020.  She was released on August 19, 2020 to seek treatment.  She failed to report for treatment.

1

Ms. Keyes failed to report to treatment because she wanted to see her children. Since she missed the time she was supposed to report to treatment, she knew she would be violated. She then turned herself in. She has been detained since August 20, 2020. It is important to Ms. Keyes that the Court know she did not violate any other term of release. She did not use drugs. She did not engage in any criminal activity at all. She simply missed the time to report.

Ms. Keyes has spent the majority of the time she has been detained awaiting trial in this case at the McLean County Jail in Washburn, North Dakota. Defense Counsel is not aware of any problems that Ms. Keyes has had while detained there. Additionally, he is not aware of any write-ups or violations for Ms. Keyes.

## II.  **ARGUMENT**

The Court must determine a fair and appropriate sentence for Ms. Keyes. When sentencing her, the Court must determine the appropriate guideline range and also consider those factors set forth in 18 U.S.C. § 3553(a). In addition, the Court must try to avoid sentencing disparities. Defense Counsel is not aware of any sentencing disparities related to this case.

### A.  **Offense Level**

The parties had signed a plea agreement in this case pursuant to Fed.R.Crim.P. 11(c)(1)(B). Under the terms of the plea agreement, the conduct of Ms. Keyes involved between 40 and 160 grams of fentanyl. The base level offense for such conduct is 24. There were contemplations as and between the prosecutor and Defense Counsel for potential reductions as more fully outlined below.

At the time of the plea agreement, it was contemplated that the government would move for a downward adjustment of three (3) levels for acceptance of responsibility and timely

2

notification pursuant to USSG § § 3E1.1(a) and 3E1.1(b), which will result in a further reduction in the offense level for Ms. Keyes.  This would result in an offense level of 21.

Finally, it was contemplated that Ms. Keyes would possibly qualify for the Safety Valve. This would provide an additional reduction of the offense level by two more levels.  The final resulting offense level after application of the Safety Valve is 19.

The Presentence Investigation Report indicates that Ms. Keyes is in criminal history category III.   Therefore, her correct sentencing guideline range is 37 – 46 months.

**B.  The Court Should Consider those Factors Set Forth in 18 U.S.C. § 3553(a)**

Before sentencing Ms. Keyes the Court should consider the factors as set forth in 18 U.S.C. § 3553(a).  Those factors and how they apply in this case specifically to Ms. Keyes are as follows:

**1.  The nature and circumstances of the offense and the history and characteristics of the Defendant**

It is helpful for the Court to understand a little history about Ms. Keyes.  Ms. Keyes had been doing well.  Admittedly, she was on supervised release because of a prior case.  However, she was mostly following the rules while on release.  She then met a codefendant named Darryl Grady.  Mr. Grady was the one who introduced Ms. Keyes to fentanyl.  As a result of her past addiction issues, the powerful high she got when using fentanyl was too strong.  She simply fell back into the lifestyle again.  She had not used such a powerful drug before and it took over her life.  She found herself back using drugs on a regular basis.

Involvement in this case has truly been an eye-opening experience for Ms. Keyes.  As mentioned above, she has basically been detained the entire time this case has been pending except for one day.  This is the longest period of time she has been absent from her children's lives.  She is devastated about the fact that she has let her children down.  She intends to utilize whatever time she must serve to better herself.  She understands the seriousness of her actions.  The hardest part about this situation is not just that her actions have impacted her life, but now her actions are having a significant impact on the lives of others – especially her kids.

Another area in which Ms. Keyes has struggled is in her choices of the men in her life.  The father of her children has had his own legal problems in the past.  Additionally, as noted above, Mr. Grady was not a good choice.  Ms. Keyes acknowledges that she cannot blame others for her actions.  She is simply trying to provide an explanation for how she ended up in this situation again.  She would likely not have become involved with fentanyl but for Mr. Grady.  She now realizes that she has to stay away from people who use drugs completely.  That is the only way for her to remain drug-free.

Ms. Keyes is asking the Court to have some leniency on her in this situation.  She needs to continue to be there for her children.  She has been the most stable parent in their lives to this point.  They depend upon her for support.  She is committed to doing better for them and for herself.

4

## 2. The need for the sentence imposed

There are a number of factors that would be relevant and used by the Court when determining the need for this sentence. The Court should consider how much time is necessary to achieve the goals of adequate deterrence, protect the public, and provide the defendant with education or training necessary for rehabilitation. A lengthy prison sentence is not necessary to deter Ms. Keyes from committing future crimes. She has learned her lesson from all of this. She has also reconnected with her support network and will never let those people out of her life again. She makes a firm promise to never be back in this situation again.

## 3. The kinds of sentence available

Because of the type of offense charged, a sentence of probation is prohibited. However, the Court does have discretion in the length of time that Ms. Keyes would need to spend in prison.

## 4. The kinds of sentence and the sentencing range established

As previously mentioned, this Court must sentence Ms. Keyes to a period of incarceration. Ms. Keyes argues that a long prison sentence will not improve this situation. It will only make it worse for her and especially for her children.

## 5. Any pertinent policy statement

The undersigned is not aware of any policy statement that would impact the sentence of Ms. Keyes other than those factors already outlined in this Memorandum.

5

**6.** **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar crimes**

The undersigned is not aware of any sentencing disparities imposed by this Court relating to this case.

**7.** **The need to provide restitution to any victims of the offense**

There is no identifiable victim, so this factor does not apply to this case.

### III. CONCLUSION

For the reasons stated above, this Court should enter an order reasonable under all of the circumstances surrounding this matter.

Dated this 12th day of April, 2021.

**HETTICH LAW FIRM, PLLC**

By:      */s/ Ronald K. Hettich*
         Ronald K. Hettich – ND ID #06035
         Attorney for Defendant
         112 University Drive N., Suite 323
         Fargo, ND 58102
         Tel: (701) 356-6471
         Fax: (701) 356-6472
         ron@hettichlaw.com

6